THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEVERLY ANETTE RAINES, Principal, Brighton School, RONALD HOWARD, Assistant principal Aki Kurose, SANDRA BOSLEY, Former Interim Principal at Dunlap, CHALICE STALLWORTH, Elementary School Teacher, RONALD PLEASANT, Teacher at Cleveland, MARK DELLA, Former Deputy Security Manager, DEMETRICE THOMAS-DANZY, Correctional Education Associate at Interagency Academy, AUDREY WEAVER, Security Specialist, Chief Sealth, JACQUE JOHNSON, Security Specialist, Ballard, and MARCUS PERKINS, Recently Fired Custodian,

          Plaintiffs,

vs.

SEATTLE SCHOOL DISTRICT NO. 1, a municipal corporation,

          Defendant.

No. C09-203Z

ORDER

ORDER - 1

This matter comes before the Court on Plaintiff Beverly Raines's Motion for Preliminary Injunction, docket no. 21. For the reasons stated in this Order, the Court DENIES Raines's Motion.

## BACKGROUND

Beverly Raines, Plaintiff and Principal of Brighton Elementary School, has moved to enjoin her transfer to Lawton Elementary School for the 2009–2010 school year. Raines alleges that the transfer is based on age discrimination and violates the Age Discrimination in Employment Act (ADEA). Mot. 1. Raines seeks reinstatement at Brighton. Id. at 4.

Raines is either 61 or 62 years old. Declaration of Beverly Raines, docket no. 23, ¶ 17; Am. Compl., docket no. 3, ¶ 9. The causes of action that appear to pertain to Raines are (i) "institutional racism," id. ¶ 80, (ii) "hostile work environment § 1983" based on race and gender discrimination, see id. ¶¶ 87–98, and (iii) ADEA claims, id. ¶ 154. For the purposes of this Motion, Raines focuses on the ADEA aspect of her claim as the sole basis for a preliminary injunction. See Mot. 3–5. With respect to the ADEA claim, Raines claims that she is being given poor reviews and was ultimately transferred to Lawton because of her age. This is evidenced by her supervisor asking her when she planned to retire. See Am. Compl. ¶ 154.

The District claims that Raines is being transferred because Lawton's current principal intends to take a leave of absence for the upcoming school year, and Superintendent Maria Goodloe-Johnson determined that transferring Raines was in the

District's best interest.  Declaration of Maria Goodloe-Johnson in Opposition to Plaintiff Raines's Motion for Preliminary Injunction, docket no. 28, ¶¶ 5–6.  Raines's transfer "is not a demotion or an adverse employment action and her status, salary, and job responsibilities remain the same at Lawton Elementary as they were at Brighton Elementary School."  Id. ¶ 8.  Goodloe-Johnson also denies that the age of Raines was a factor in the decision.  Id. ¶ 7.

**DISCUSSION**

A preliminary injunction is an extraordinary remedy never awarded as of right.  Winter v. Natural Resources Defense Council, Inc., et al., 129 S. Ct. 365, 376 (2008) (citing Munaf v. Green, 128 S. Ct. 2207, 2218–19).  A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Id. at 374 (citing Munaf, 128 S. Ct. at 2218–19; Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311–12 (1982)).  The Ninth Circuit continues to recognize an "alternate method" by which a preliminary injunction may issue: The plaintiff must demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tilts in his favor.  Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007) (citing Clear Channel Outdoor, Inc. v. City of Los Angeles, 351 F.3d 1291, 1297 (9th Cir. 2003)).  Raines relies on the alternate method.  Mot. 7.

Raines has shown no likelihood of success, nor does her claim raise "serious questions." As to the ADEA claim, Raines does not appear to have filed a claim with the EEOC, a prerequisite to this Court's subject-matter jurisdiction. See Declaration of Faye Chess-Prentiss, docket no. 27, ¶ 3; see also 29 U.S.C. § 626(d).[1] This in itself would be fatal to her ADEA claim.

Even if the failure to file an EEOC claim would not present an insurmountable obstacle to Raines's likelihood of success on the merits, there are serious doubts that she could meet a prima facie age discrimination case. The Ninth Circuit uses the McDonnell Douglas framework for ADEA cases. First, a plaintiff must make a prima facie case by showing (1) she belongs to a protected class by being forty years of age or older; (2) she was qualified for the position; (3) she was subjected to an adverse employment action; and (4) she was treated less favorably than similarly situated individuals outside the protected class. Wallis v. J.R. Simplot Co., 26 F.3d 885, 890–91 (9th Cir. 1994). Here, Raines has failed to show that she can satisfy the third and fourth elements. As to the third element, Raines has not shown that a transfer to another elementary school within the District is an adverse employment action. Raines was reassigned to a job with the same status, pay, and responsibility. Goodloe-Johnson Decl. ¶ 8. While one can certainly be sympathetic that the transfer is of

---

[1] The EEOC as it relates to private or state employees provides that "[n]o civil action shall be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1); see also Forester v. Chertoff, 500 F.3d 920, 924 (9th Cir. 2007). Raines has apparently not filed a claim with the EEOC relating to her ADEA and other claims.

ORDER - 4

personal significance to her, see Raines Decl. ¶¶ 13–16, no objective differences are apparent between the two positions. As to the fourth element, Raines has not shown that she was treated less favorably than similarly situated individuals outside the protected class. Raines's failure to persuade the Court that she will be able to meet these elements means that she is unlikely to succeed on the merits and does not raise serious questions.

Finally, Raines argues that there is sufficient direct evidence of discrimination such that the McDonnell Douglas burden shifting is not applicable. Mot. 4. Raines is correct that, under Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985), the McDonnell Douglas burden shifting is not necessary to establish a prima facie case of discrimination. However, there is not sufficient evidence of direct discrimination to show she is likely to succeed or that she raises serious questions. Raines has only pointed to an averment in her complaint that her supervisor/"area director" Patrick Johnson twice asked her when she planned to retire. Am. Compl. ¶¶ 18, 91–92, 154. According to the declaration of Dr. Goodloe-Johnson, however, she made the decision to transfer Raines, not Mr. Johnson. Goodloe-Johnson Decl., ¶ 5, ex. 1. While further evidence could be uncovered to show some connection between Mr. Johnson's comments and Dr. Goodloe-Johnson's decision, such a finding is neither "likely" nor raises sufficiently serious questions to warrant the extraordinary form of relief sought by Raines.

Because Raines has failed to show "any chance of success on the merits," no further balancing is necessary, and her motion should be denied. See Global Horizons, Inc. v. U.S. Dept. of Labor, 510 F.3d 1054, 1057–58 (9th Cir. 2007) (holding that when a party has failed to show any chance of success on the merits, no further determinations of irreparable harm or balancing of equities are necessary).

IT IS SO ORDERED.

DATED this 4th day of June, 2009.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge