UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY ANETTE RAINES, Principal, Brighton School, RONALD HOWARD, Assistant principal Aki Kurose, SANDRA BOSLEY, Former Interim Principal at Dunlap, CHALICE STALLWORTH, Elementary School Teacher, RONALD PLEASANT, Teacher at Cleveland, MARK DELLA, Former Deputy Security Manager, DEMETRICE THOMAS-DANZY, Correctional Education Associate at Interagency Academy, AUDREY WEAVER, Security Specialist, Chief Sealth, JACQUE JOHNSON, Security Specialist, Ballard, and MARCUS PERKINS, Recently Fired Custodian, <br><br>　　　　　　Plaintiffs, <br><br>vs. <br><br>SEATTLE SCHOOL DISTRICT NO. 1, a municipal corporation, <br><br>　　　　　　Defendant. | No. C09-203Z <br><br> ORDER |

ORDER - 1

THIS MATTER comes before the Court on Gregory and Kumiko Moody's Motion to Intervene, docket no. 38. Having considered all papers filed in support of and in opposition to the motion, the Court enters the following Order.

**DISCUSSION**

    **1.**     **Procedural Deficiency**

The Moodys failed to follow the correct procedure to intervene, and, on that basis, their motion is DENIED. Under Rule 24(c), a motion to intervene must state the grounds for intervention and must be accompanied by a pleading that sets out the claim or defense for which intervention is sought. If the applicant, however, identifies the basis for intervention in the motion with sufficient specificity to allow the court to rule, the failure to submit an accompanying pleading can be excused. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992).

The Moodys did not file a proposed amended complaint with their motion to intervene. This failure could have been excused if the Moodys had identified the basis for intervention with sufficient specificity within the motion itself, but they did not. Although the Moodys filed a proposed amended complaint with their reply, the proposed amended complaint failed to show how the Moodys' claims share a common question of law or fact with the existing plaintiffs' claims. Moreover, the late filing did not allow defendant any meaningful opportunity to respond. The identified procedural deficiencies are not, however, the only basis for denial of the Moodys' motion to intervene.

### 2. **Kumiko Moody**

Ms. Moody has not asserted a cognizable claim. She alleges her due process rights were violated because she was never interviewed. She does not explain the purpose for such interview and she has not established any due process right to such interview. Moreover, unlike the existing plaintiffs, Ms. Moody is not an employee of the Seattle School District, she has not alleged membership in a protected class, and she has not alleged any adverse employment actions taken against her. Therefore, Ms. Moody will not be allowed to intervene in this action.

### 3. **Gregory Moody**

Mr. Moody has not shown that he should be allowed to intervene as a matter of right. To do so, under Rule 24(a), Mr. Moody must show that (1) the motion is timely, (2) he has a "significant protectable interest" relating to the property or transaction that is the subject matter of the action, (3) the disposition of the action, as a practical matter, may impair or impede his ability to protect that interest, and (4) the existing parties might not adequately represent his interest. E.g., Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Mr. Moody has not identified a significant protectable interest bearing such a relationship to the existing plaintiffs' claims that it would be affected by the resolution of those claims. See United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002). Moreover, Mr. Moody has not explained how disposition of the existing plaintiffs' claims would impair or impede his ability to protect his own interest. The plaintiffs' claims do not prevent Mr. Moody from filing

his own lawsuit and as a nonparty he would not be exposed to any preclusive effect of the litigation to which he is not a party. See Taylor v. Sturgell, 128 S. Ct. 2161, 2175 (2008).

In addition, Mr. Moody has not satisfied the Court that he should be allowed to permissively intervene. Whether to allow permissive intervention is entirely within the Court's discretion, although undue delay and prejudice to the other parties must be considered. Fed. R. Civ. P. 24(b). Intervention may be permitted when the applicant shows (1) independent grounds for jurisdiction, (2) that the motion is timely, and (3) the applicant's claim or defense has a question of law or fact in common with the main action. City of Los Angeles, 288 F.3d at 403. Mr. Moody was apparently discharged by the District, but the majority of the existing plaintiffs, at least seven of the ten, are still employed. From the papers filed in connection with the motion, the Court can infer that, with respect to Mr. Moody's termination, the District might assert a specific, non-discriminatory reason for Mr. Moody's discharge. Thus, Mr. Moody's claims are fundamentally different from those of the existing plaintiffs and will likely involve particularized allegations and evidence not relevant to the existing plaintiffs.

///

///

///

///

///

## CONCLUSION

For the foregoing reasons, the Court DENIES the Moodys' Motion to Intervene, docket no. 38.

IT IS SO ORDERED.

DATED this 23rd day of October, 2009.

　　　　　　　　　　　　　　　　　　／s／ Thomas S. Zilly
　　　　　　　　　　　　　　　　　　Thomas S. Zilly
　　　　　　　　　　　　　　　　　　United States District Judge

ORDER - 5