UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY ANETTE RAINES, Principal, Brighton School, RONALD HOWARD, Assistant principal Aki Kurose, SANDRA BOSLEY, Former Interim Principal at Dunlap, CHALICE STALLWORTH, Elementary School Teacher, RONALD PLEASANT, Teacher at Cleveland, MARK DELLA, Former Deputy Security Manager, DEMETRICE THOMAS-DANZY, Correctional Education Associate at Interagency Academy, AUDREY WEAVER, Security Specialist, Chief Sealth, JACQUE JOHNSON, Security Specialist, Ballard, and MARCUS PERKINS, Recently Fired Custodian,<br><br>Plaintiffs,<br><br>vs.<br><br>SEATTLE SCHOOL DISTRICT NO. 1, a municipal corporation,<br><br>Defendant. | No. C09-203Z<br><br>ORDER |

ORDER - 1

THIS MATTER comes before the Court on a discovery motion brought by defendant Seattle School District No. 1, docket no. 51, in response to which plaintiffs' counsel, Brenda Little, improperly sent an e-mail to a court address reserved for the submission of proposed orders.  <u>See</u> Exh. 1 to Jackson Decl. (docket no. 56).  Having previously expressed concerns about Ms. Little's ability to remain as counsel of record for plaintiffs in this matter, <u>see</u> Minute Order (docket no. 50), and in light of Ms. Little's e-mail message, the Court renoted defendant's motion and directed Ms. Little to show cause why she should not be required to withdraw as counsel of record, <u>see</u> Minute Order (docket no. 57).

At the same time, the Court instructed Ms. Little to send to each plaintiff a copy of the Court's most recent Minute Order and to file proof of service within five days, which would have been January 13, 2010.  <u>Id.</u> at ¶ 3.  In addition, the Court set a deadline for Ms. Little to respond to defendant's discovery motion, and advised Ms. Little that failure to timely respond would be treated as an admission, pursuant to Local Rule CR 7(b)(2), that the motion has merit and as evidence that Ms. Little should not continue to act as counsel of record for plaintiffs.  <u>Id.</u> at ¶ 2.  Ms. Little has never filed the required proof of service, and whether plaintiffs have been advised of the Court's "show cause" Minute Order remains unclear.  Moreover, instead of providing a brief in response to defendant's motion, containing appropriately supported factual assertions and legal arguments, Ms. Little has offered one paragraph of a declaration in which she states that she does not understand defendant's motion

ORDER - 2

and in which she offers, "[i]f it will make Mr. Jackson feel better," to send a public records disclosure request in lieu of the subpoena duces tecum that defendant seeks to quash.  Little Decl. at ¶ 6 (docket no. 58).

In this same declaration, Ms. Little also addresses whether she should remain counsel of record.  She indicates that the primary reason she should remain counsel is that she "love[s] this case and [her] clients."  *Id.* at ¶ 1.  She further describes the personal tragedies she has recently suffered, *id.* at ¶ 2, she accuses the Superintendent of the Seattle School District of "trying to ruin [her] career," *id.* at ¶ 3, she describes pro bono work she has performed for various plaintiffs, *id.* at ¶ 4, and she discloses facts about an unrelated and unfiled case, *id.* at ¶ 5.  She states that she mailed initial disclosures to defendant's counsel on February 26, 2010, *id.* at ¶ 6, which was long past the deadline set by the Court, *see* Minute Order at ¶ 1 (docket no. 50) (granting defendant's motion to compel, docket no. 48, and directing that initial disclosures be provided by December 23, 2009), and she advises the Court that she now works for the Ellensburg School District, *id.* at ¶ 7.

Ms. Little's declaration does nothing to persuade the Court that she is equipped to handle this case.  To the contrary, the declaration concedes that Ms. Little failed to comply with the Court's previous order, and it indicates that Ms. Little might have a conflict of interest, either due to her own personal claims or her new employment.  The Court therefore ORDERS as follows:

ORDER - 3

(1)     Ms. Little is hereby REMOVED as counsel of record for plaintiffs in this matter, effective immediately.  Ms. Little is DIRECTED to send a copy of this Order to each plaintiff and to file proof of such service within five (5) days of the date of this Order.  Plaintiffs are advised that they must either arrange for another attorney to appear in this action on their behalf or they must each file a motion to proceed pro se.  *See* Local Rule GR 2(g)(1).  Plaintiffs are further advised that this matter will be dismissed without prejudice unless, within forty-five (45) days of the date of this Order, either (i) a notice of appearance has been filed by an attorney who is authorized to practice in this Court, or (ii) appropriate motions to proceed pro se have been filed.

(2)     Defendant's discovery motion, docket no. 51, is GRANTED IN PART and DENIED IN PART.  The subpoena duces tecum dated December 28, 2009, directed to the custodian of records pertaining to the Regional Small Business Development Program, *see* Exh. 4 to Jackson Decl. (docket no. 53); *see also* Potter Decl. at ¶ 1 (docket no. 52), is QUASHED.  Brenda Little is DIRECTED to immediately deliver to Gregory E. Jackson of Freimund Jackson Tardif & Benedict Garratt, PLLC a check made payable to Seattle School District No. 1 for the $628.00 in sanctions previously imposed.  *See* Order dated October 23, 2009 (docket no. 47).[1]  If Ms. Little fails to make payment within five (5) days of the date of this Order, the

---

[1] In its Order dated October 23, 2009, the Court also ordered Ms. Little to attend a two (2) or more credit Continuing Legal Education ("CLE") course regarding time management strategies and to certify her attendance at such CLE by January 22, 2010.  Order (docket no. 47).  Ms. Little has not submitted the required certification.

ORDER - 4

Court will consider holding her in contempt. In all other respects, defendant's discovery motion is DENIED.

(3) The trial date and all remaining dates and deadlines are STRICKEN. The Court will enter a revised scheduling order, if appropriate, after the status of plaintiffs' legal representation has been resolved.

(4) The Clerk is directed to send a copy of this Order to Brenda Little and all counsel of record.

IT IS SO ORDERED.

DATED this 10th day of March, 2010.

Thomas S. Zilly
United States District Judge

ORDER - 5