UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BEVERLY ANNETTE RAINES, *et al.*,  )  No. C09-0203TSZ
                                    )
                     Plaintiffs,    )
        v.                          )  ORDER
                                    )
SEATTLE SCHOOL DISTRICT NO. 1,      )
                                    )
                     Defendant.     )
_____)

This matter comes before the Court under Local General Rule 8(c). The Chief Judge has recused himself and the matter is now before the undersigned judge.

Plaintiff Sandra Bosely has filed a "Motion for Disqualification of Judge Zilly" in the above-captioned matter. Dkt. # 171. The Honorable Thomas S. Zilly, United States District Judge, declined to recuse himself voluntarily, and the matter was referred to the Chief Judge. Dkt. # 175. Plaintiff's motion is therefore ripe for review by the undersigned.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

ORDER

> proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

The combined effect of the statutes is that a judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).

A litigant may not, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Because plaintiff filed her motion to recuse only after Judge Zilly entered substantive orders in this matter, the risk that plaintiff is using allegations of bias to overturn a decision of the court is considerable. In order to preclude unseemly judge shopping, there is a presumption that the issuance of adverse rulings, even if later found to be in error, is not evidence of the type of personal bias or prejudice at which the recusal statutes are aimed. In order to overcome this presumption, plaintiff would have to show that facts outside the record drove the court's decision or that the decision was so irrational that it must be the result of prejudice.

Plaintiff asserts that Judge Zilly is biased against her because of her race. No evidence of racial animus is provided, however. Instead, plaintiff argues that Judge Zilly's conduct in this case has so disadvantaged her that it must be the result of bias or prejudice. Plaintiff specifically alleges that Judge Zilly (a) deprived plaintiff of her counsel of choice without giving plaintiff notice and an opportunity to be heard, (b) used "Minute Orders" to resolve substantive disputes in a cursory and unreviewable manner, and (c) erroneously quashed subpoenas, halted plaintiff's efforts to conduct discovery, and continued the trial date in this matter. Each argument is considered below.

**A. Removal of Plaintiff's Counsel as Counsel of Record**

This action was filed on February 17, 2009. Within months, plaintiff's counsel had failed to comply with court-ordered deadlines and sought to explain her tardiness by

ORDER -2-

describing events and hardships she encountered in her personal life. By the end of the year, counsel's failure to participate in discovery was retarding the progress of the litigation. When she twice failed to appear for deposition and/or to reschedule the depositions as ordered, Judge Zilly expressed concern about her ability to continue as counsel of record. Counsel's submissions were often procedurally defective and substantively insufficient. She would occasionally – and without notice or explanation – submit her responses to pending motions via emails rather than the court's docketing system and would respond to motions with a bare declaration. Other judicial officers in this district were noticing the same sorts of issues and obstructive behavior. See Alvarez v. King County Dept. of Adult and Juvenile Detention, C08-1621RSL; Walters v. Seattle Sch. Dist. No. 1, C09-117JLR; Kaman v. Ellington, C09-0938JLR; Sabarots v. Seattle Sch. Dist. No. 1, C09-1285RAJ; Woodley v. Laborers Int'l Union of Am., Local 242, C09-1414RSL.

On February 8, 2010, Judge Zilly ordered plaintiff's counsel to show cause why she should not be required to withdraw as counsel of record. Counsel was specifically ordered to send a copy of the order to each named plaintiff so that they would be apprised of the situation (because all communications go through counsel, it appears that the court did not have the clients' direct contact information at that time). Counsel's response to the order to show cause did not include proof that the clients had been served, was not supported by affidavits from the clients, and was combined with a procedurally and substantively inadequate response to defendant's pending discovery motion. Not surprisingly, the response did "nothing to persuade the Court that [counsel] is equipped to handle this case." Dkt. # 59 at 3. Counsel was removed as counsel of record on March 11, 2010, and again directed to send copies of the order to the named plaintiffs.[1]

---

[1] In May 2010, counsel was suspended from practice by the Supreme Court of the State of Washington. Reciprocal discipline was entered in the Western District of Washington on June 15, 2010. Since that time, counsel has been unable to practice before any judge in this district. Counsel has

ORDER                          -3-

Plaintiff asserts that she was deprived of property (namely, the funds she paid for counsel's services prior to March 11, 2010), counsel of her choice, and her associational rights, all without notice and an opportunity to be heard. To the extent notice was not given, the fault lies with counsel: she was expressly directed to notify her clients that she would be required to withdraw unless good cause were shown. None of the named plaintiffs submitted an affidavit in support of counsel's continued participation in this case. Judge Zilly waited over a month before removing counsel from this litigation: at no point did plaintiff seize the opportunity to address the court. Nor has plaintiff yet explained why her past payments to counsel would justify counsel's continued participation in this litigation when she was plainly incapable of acting as counsel of record and was, in fact, retarding the progress of the action. Judge Zilly acted well within his authority when he chose to remove an ineffective counsel (as an alternative to dismissing plaintiff's claims) in order to promote the orderly disposition of this litigation, to manage the court's docket, and to resolve this matter on the merits. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).

**B. Use of Minute Orders**

After reviewing a sample of Judge Zilly's cases over the past decade, the undersigned notes that it is his practice to utilize both "Orders" and "Minute Orders" when resolving various types of motions and/or directing certain actions. Although the "Minute Orders" are signed by a Deputy Clerk of Court, they are entered at the direction of the presiding judicial officer, and the undersigned is unaware of any case in which a "Minute Order" was not given full legal effect. There being no evidence that plaintiff has been treated any differently than other litigants appearing before Judge Zilly, the use of "Minute Orders" to resolve substantive disputes does not raise an inference of bias or prejudice.

---

subsequently acknowledged that she is disabled and incapable of practicing law at this point in time.

ORDER -4-

## C. Discovery and Scheduling Decisions

Objections to a judge's decisions are properly raised through an appeal not a motion to recuse. Plaintiff clearly disagrees with Judge Zilly's decision to quash the subpoenas duces tecum she served on four current or former Seattle School District employees, to limit her ability to obtain additional third-party subpoenas from the Clerk of Court, and to continue the trial date of this matter. None of these decisions is so outlandish that an inference of bias or prejudice arises. Rather, it appears that plaintiff is seeking to remove Judge Zilly from this case because of his performance while presiding over this matter. Bias is not, however, established simply because the judge issues rulings that are adverse to a certain party. If, as plaintiff suggests, one or more of the discovery and case management decisions was in error, her remedy lies in presenting a compelling motion for reconsideration to Judge Zilly and/or appealing his determinations to the Ninth Circuit Court of Appeals.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Zilly's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's motion for recusal is DENIED.

DATED this _5th____ day of August, 2011.

_____
Marsha J. Pechman
U.S. District Judge

ORDER -5-