UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY ANETTE RAINES, et al., | CASE NO. C09-203 TSZ |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| SEATTLE SCHOOL DISTRICT NO 1, | |
| Defendant. | |

The Court, having received and reviewed Plaintiff's Motion for Reconsideration (Dkt. No. 187) and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

First of all, the Court notes that the motion is untimely. Local Rule 7(h) requires that any motion for reconsideration must be filed "within fourteen days after the order to which it related is filed." The order which Plaintiff seeks to have reconsidered was filed on August 5, 2011. Dkt. No. 180. Plaintiff's motion for reconsideration was not filed until August 22, three days after the deadline.

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION- 1

The motion would still be subject to denial even it had been timely filed. The grounds for reconsideration are "manifest error" or "a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LR 7(h).

Plaintiff makes no allegation of manifest error in her pleading. She alleges that the order "attacks" her former counsel, but cites to no factual or legal errors in this Court's rejection of her argument that her former counsel's removal from the case was grounds for disqualification of Judge Zilly. Plaintiff's motion makes no allegation of error concerning the other grounds on which she sought disqualification (use of minute orders, discovery and scheduling decisions) which were also rejected by this Court in its previous order.

Plaintiff does ask the Court to "reconsider its position after considering additional facts that are not included in its Order." Motion, p. 1. The pleading then cites to two motions for voluntary dismissal allegedly filed by Plaintiff Bosely in February 2010 (Id., p. 2) which Plaintiff goes on to allege "were denied with the threat that if Plaintiff asked to voluntarily dismiss then her case would be dismissed with prejudice." Id.

The Court has searched the record in vain for the motions referred to by Plaintiff Bosely. There were five motions for voluntary dismissal (Dkt. Nos. 60-64) filed by five other plaintiffs in March 2010 (denied by Judge Zilly because they represented an attempt to circumvent his order removing Plaintiffs' counsel from the case; *see* Dkt. No. 65), but none were filed by Plaintiff Bosely and nowhere in the record is there an order by Judge Zilly indicating that the matter would be dismissed with prejudice if Plaintiffs persisted in seeking a voluntary dismissal.[1]

---

[1] The Court did discover, in a minute order filed on May 17, 2010, an admonition by Judge Zilly that if the plaintiffs currently without counsel (who included Plaintiff Bosely) did not either file a motion to proceed pro se or arrange for an appearance by an attorney, that failure "*might* result in dismissal of their claims WITH PREJUDICE for lack of prosecution…" Dkt. No. 74 (italics supplied). This is a far cry from Plaintiff's allegation.

Again, even if Plaintiff's allegations were supported by the record, she has made no showing regarding why this information could not have been brought to the Court's attention earlier with reasonable diligence. On this basis, the Court is compelled to reject her "new facts" and to deny her motion for reconsideration.

The clerk is ordered to provide copies of this order to all counsel.

Dated: August 31, 2011.

Marsha J. Pechman
United States District Judge