# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BEVERLY ANETTE RAINES, Principal, Brighton School, Aki Kurose, SANDRA BOSLEY, Former Interim Principal at Dunlap, CHALICE STALLWORTH, Elementary School Teacher, RONALD PLEASANT, Teacher at Cleveland, MARK DELLA, Former Deputy Security Manager, AUDREY WEAVER, Security Specialist, Chief Sealth, JACQUES JOHNSON, Security Specialist, Ballard, and MARCUS PERKINS, Recently Fired Custodian,<br><br>                Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1, a municipal corporation,<br><br>                Defendant. | C09-203Z<br><br>ORDER |

THIS MATTER comes before the Court on defendant's motions for summary judgment, docket nos. 212 and 220, plaintiffs Raines's and Stallworth's motion for extension of time to complete discovery and reimbursement of costs, docket no. 227, and defendant's

ORDER - 1

motions for extension of time, docket nos. 236 and 237. In the latter motion, defendant Seattle School District No. 1 (the "District") seeks to withdraw its motions for summary judgment, withdraw its opposition to Raines's and Stallworth's motion for extension, obtain a continuance of the trial date and related deadlines, and persuade the Court to schedule a status conference compelling pro se plaintiffs to appear or have their claims dismissed for failure to prosecute. Plaintiffs have not filed any response to this motion.

The Court recognizes that defendant is attempting to simplify matters, but the Court opts for a different route to a similar result. For the reasons discussed herein, the Court GRANTS, in part, defendant's motions for summary judgment, docket nos. 212 and 220, as to pro se plaintiffs Ronald Pleasant and Mark Della, who have not responded to the motions or otherwise taken steps to prosecute their claims.[1] Defendant's motions for summary judgment, docket nos. 212 and 220, are STRICKEN without prejudice as to the remaining plaintiffs, namely Beverly Raines, Chalice Stallworth, Sandra Bosley, Audrey Weaver, Jacques Johnson, and Marcus Perkins. Defendant's motion for extension of time to file replies, docket no. 236, is STRICKEN as moot. As further described herein, the motions for continuance of the trial date and related deadlines, docket nos. 227 and 237, are GRANTED in part and DENIED in part.

///

///

---

[1] Although defendant has moved to withdraw its motions for summary judgment, it did not do so until after the due dates for plaintiffs Pleasant's and Della's responses. Thus, the Court does not view defendant's motion to withdraw as having played any role in Pleasant's or Della's failure to file a response.

ORDER - 2

**Discussion**

**A.  Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (2010). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The moving party need not negate the opponent's claim, <u>id.</u> at 323; rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  <u>Id.</u> at 255, 257.  When the record taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  <u>See, e.g.</u>, <u>Beard v. Banks</u>, 548 U.S. 521, 529 (2006).

**B.  Ronald Pleasant**

Plaintiff Pleasant executed a settlement agreement releasing and waiving all "known and unknown claims" against defendant arising prior to March 15, 2011.  Tr. (Aug. 4, 2011) at 3:7-14 (docket no. 240).  He appeared telephonically at an in-court status conference at which such settlement agreement was discussed, and he was advised both orally and in writing, <u>see id.</u> at 4:1-15; Minute Entry (docket no. 182); Minute Order (docket no. 181), that he needed to file a motion to set aside the settlement agreement by September 8, 2011, or the Court would dismiss his claims with prejudice in light of such settlement agreement.

ORDER - 3

Plaintiff Pleasant has filed no motion to set aside the settlement agreement and no response to defendant's motion for summary judgment. Defendant's motion for summary judgment, docket no. 212, is therefore GRANTED in part as to plaintiff Ronald Pleasant, and plaintiff Pleasant's claims against defendant are hereby DISMISSED with prejudice.

**C.    Mark Della**

Plaintiff Della is a former employee of the District. He is Asian and over 50. Third Amended Complaint at ¶ 8.2 (docket no. 132). During the last 14 of his 20 years as an employee, he was a supervisor in the Safety and Security Office. *Id.* at ¶¶ 8.3-8.5. The Safety and Security Office was reorganized in 2008, resulting in two supervisory positions having the respective titles North and South Operations Supervisor. McEvoy Decl. at ¶ 3 (docket nos. 223 & 225). Plaintiff Della applied for these positions, scoring fifth out of five candidates. *Id.* at ¶ 4. The positions were offered to and accepted by candidates with higher rankings. *Id.* As a result, plaintiff Della was laid off in August 2008. Third Amended Complaint at ¶ 8.16. Plaintiff Della has asserted the following claims: (i) racial discrimination in violation of 42 U.S.C. § 1981; (ii) racial discrimination in violation of the Washington Law Against Discrimination ("WLAD"); (iii) retaliation in violation of the WLAD; and (iv) reliance upon defamatory statements in making adverse employment decisions. Each of these claims will be addressed seriatim.

///

///

///

///

**1. Section 1981: Discrimination**

Under § 1981, to establish a claim of racial discrimination against a municipal employer, a plaintiff must prove that the challenged employment decision resulted from a "policy or custom" of the municipality. *See* <u>Fed. of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204 (9th Cir. 1996) (holding that the Civil Rights Act of 1991, which amended § 1981, statutorily overruled <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701 (1989), and created an implied right of action against municipalities, but did not alter the "policy or custom" requirement of <u>Monell v. New York Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)). In the operative complaint, plaintiff Della made no allegation that his allegedly racially-motivated layoff resulted from a "policy or custom" of the District or that the decision-maker[2] was an official who had final authority for the District or whose "edicts or acts may fairly be said to represent official policy." *See* <u>McKinley v. City of Eloy</u>, 705 F.2d 1110, 1116 (9th Cir. 1983). Moreover, in response to defendant's motion for summary judgment, plaintiff Della has presented no evidence to support the requisite "policy or custom," and the Court concludes that, as a matter of law, plaintiff Della has failed to identify any triable issue relating to his § 1981 claim.

///

///

---

[2] The candidates for the Operations Supervisor positions were interviewed and ranked by a five-person team comprised of two members of the Seattle Police Department, the Executive Director of the principals' union ("PASS"), and two members of the District's security department. *See* Ex. 1 to McEvoy Decl. (docket nos. 223 & 225). Three of these interviewers cannot, as a matter of law, be considered employees, let alone officials, of the District, and no evidence has been provided that supports a contention that either of the security department members had the type of final authority required to render their input about the various candidates a "policy or custom" of the District.

ORDER - 5

## 2. **WLAD: Discrimination and Retaliation**

Under the WLAD, in the absence of direct evidence of discrimination or retaliation, courts employ the three-part burden-shifting framework first articulated in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Hines v. Todd Pac. Shipyards Corp.</u>, 127 Wash. App. 356, 370-71, 112 P.3d 522 (2005) ("Washington courts have adopted the <u>McDonnell Douglas/Burdine</u> three-part burden allocation framework for disparate treatment cases." (citing <u>McDonnell Douglas</u> and <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248 (1981))); <u>see also</u> <u>Tyner v. Dep't of Soc. & Health Servs.</u>, 137 Wn. App. 545, 564, 154 P.3d 920 (2007) (the <u>McDonnell Douglas/Burdine</u> "burden shifting scheme also applies to retaliation claims"). To present a prima facie case of disparate treatment, a plaintiff must prove that (i) he or she is a member of a protected class, (ii) he or she was treated less favorably than a similarly situated non-protected employee, and (iii) the non-protected employee was doing the same work. <u>See</u> <u>Clarke v. Office of the Attorney Gen.</u>, 133 Wn. App. 767, 788-89, 138 P.3d 144 (2006). To make out a prima facie case of retaliation, a plaintiff must establish that (i) he or she engaged in statutorily protected activity, (ii) the employer took some adverse action against him or her, and (iii) a causal link exists between the protected activity and the adverse action. <u>See</u> <u>Tyner</u>, 137 Wn. App. at 563.

Only if a plaintiff presents sufficient evidence of a prima facie case does the burden shift to the employer to provide evidence of legitimate, nondiscriminatory reasons for its actions. <u>See</u> <u>Tyner</u>, 137 Wn. App. at 563-64; <u>see also</u> <u>Hines</u>, 127 Wn. App. at 371. The final burden rests on the plaintiff to produce evidence that the asserted reasons are merely a pretext for discrimination and/or retaliation. <u>See</u> <u>Hines</u>, 127 Wn. App. at 371. To establish

ORDER - 6

pretext, the plaintiff must put forward specific evidence indicating that the articulated nondiscriminatory reasons are "unworthy of belief." <u>Hines</u>, 127 Wn. App. at 372. "Speculation and belief are insufficient to create a fact issue as to pretext. Nor can pretext be established by merely conclusory statements of a plaintiff who feels that he has been discriminated against." <u>Hines</u>, 127 Wn. App. at 372 (quoting <u>McKey v. Occidental Chem. Corp.</u>, 956 F. Supp. 1313, 1319 (S.D. Tex. 1997)). Summary judgment may be granted in favor of an employer even when the employee has created a weak issue of fact concerning pretext, if abundant, uncontroverted, independent evidence indicates that no discrimination or retaliation occurred. <u>See</u> <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 148 (2000); <u>see also</u> <u>Tyner</u>, 137 Wn. App. at 564.

In the operative complaint, plaintiff Della alleged that one of the supervisory positions for which he applied was filled by a Caucasian male with less seniority and that the other position remained unfilled at the time he was laid off. <u>See</u> Third Amended Complaint at ¶¶ 8.9 & 8.16 (docket no. 132). In support of its motion for summary judgment, defendant has presented evidence that both supervisory positions were in fact filled with candidates who scored better than plaintiff Della in the interview process. <u>See</u> McEvoy Decl. (docket nos. 223 & 225). Having failed to respond to defendant's motion for summary judgment, plaintiff Della has offered no contrary evidence, and the Court concludes that defendant has carried its burden of demonstrating an absence of genuine issue of material fact. Morever, defendant has adequately articulated a legitimate, non-discriminatory, and non-retaliatory reason for its actions, and plaintiff Della has provided no evidence to suggest that the asserted reason is merely a pretext for discrimination and/or retaliation. Defendant is entitled

ORDER - 7

to summary judgment on plaintiff Della's claims of discrimination and retaliation under the WLAD.

### 3. <u>**Reliance on Defamatory Statements**</u>

In the Third Amended Complaint, plaintiff Della did not identify any defamatory statements on which his tort claim rests. He merely accused union representative David Westberg of saying that "he intended to have Plaintiff Della fired or removed from his position," and of telling chief of staff Don Kennedy via an e-mail that "Plaintiff Della should *not* be rehired in the new organization." Third Amended Complaint at ¶¶ 8.11 & 8.13 (emphasis in original) (docket no. 132). These are not "provably false" statements, but rather expressions of intent or opinion that are protected by the First Amendment and are not actionable. *E.g.*, <u>Robel v. Roundup Corp.</u>, 148 Wn.2d 35, 55, 59 P.3d 611 (2002) (holding that coworkers' use of vulgarisms like "snitch," "squealer," "liar," "idiot," and certain gender-specific expletives constituted non-actionable opinions). Because plaintiff Della has not disclosed to the Court any potentially defamatory statements on which adverse employment decisions were based, even if a claim of reliance on defamation were cognizable under Washington law, plaintiff Della cannot survive defendant's motion for summary judgment.

Moreover, plaintiff Della did not present this reliance on defamation claim to the District, as required by RCW 4.96.020. Pursuant to RCW 4.96.020, any claim for tort damages against a local governmental entity must be presented at least 60 days prior to suit and within the applicable period of limitations for such claim. This lawsuit commenced in February 2009. *See* Complaint (docket no. 1). Plaintiff Della, however, did not present a

ORDER - 8

claim pursuant to RCW 4.96.020 until November 2010.  *See* Ex. 7 to Jackson Decl. (docket no. 221-1 at 21-27).  The claim form filed in November 2010 did not allege any facts from which a defamation claim might be inferred, *see id.*, and it did not list reliance on defamation or any similar theory as a claim, *see id.* at 5-6 (docket no. 221-1 at 25-26) (enumerating as claims discrimination in violation of § 1981 and the WLAD, negligent and intentional infliction of emotional distress, tortious interference with a contractual relationship, and blacklisting).  *See also* RCW 4.96.010(1) (indicating that the content of claims "shall be liberally construed so that substantial compliance . . . will be deemed satisfactory"); *Renner v. City of Marysville*, 168 Wn.2d 540, 546, 230 P.3d 569 (2010) (substantial compliance standard requires a claimant to "provide enough information to put the government on notice of the claim and its contents").  Because the two- or three-year limitations period for plaintiff Della's tort claim would have run from, at the latest, August 2008, when he was laid off, plaintiff Della cannot now cure the failure to present his reliance of defamation claim pursuant to RCW 4.96.020, and dismissal of such claim must be with prejudice.  *See* RCW 4.16.100 (establishing a two-year limitations period for libel or slander claims); RCW 4.16.080 (defining a three-year limitations period for "injury to the person or rights of another").

    For the foregoing reasons, defendant's motion for summary judgment, docket no. 220, is GRANTED in part as to plaintiff Mark Della, and plaintiff Della's claims against defendant are hereby DISMISSED with prejudice.

ORDER - 9

**D.     Scheduling and Related Issues**

Pro bono counsel for plaintiffs Raines and Stallworth have identified a number of depositions that could not be completed before the February 29, 2012, close of discovery. *See* Pla. Motion at 2-5 (docket no. 227). Counsel recently appearing for plaintiff Bosley has likewise indicated that an extension of the discovery deadline will be needed to conduct two or more depositions. *See* Def. Motion at 2 (docket no. 237). Counsel for the District has withdrawn any objection to such extension and now joins in the request.

The Court GRANTS a continuance as follows. The trial dates of April 30, 2012, and May 21, 2012, and all related deadlines are hereby STRICKEN. Counsel and all remaining pro se plaintiffs[3] are DIRECTED to meet **in person** and confer, on or before April 20, 2012, on the following subjects: (i) what discovery remains to be conducted and when can such discovery be completed; (ii) what dispositive motions, if any, are anticipated and when can they be ready for filing; (iii) when can the parties be prepared for trial; (iv) should all remaining plaintiffs' claims be tried together, or should the matter still be bifurcated either in the manner previously specified by the Court or in some other manner; and (v) how long do the parties anticipate trial will take. The parties are DIRECTED to file, on or before April 27, 2012, a discovery plan and joint status report addressing the above topics. After reviewing the discovery plan and joint status report, the Court will issue a new scheduling

---

[3] Pro se plaintiffs Jacques Johnson and Marcus Perkins are REMINDED of their obligations to comply with the orders and rules of this Court, and they are hereby ADVISED that, absent good cause shown, failure to participate in the required conference and/or in the preparation of the required discovery plan and joint status report will constitute grounds for dismissal of their claims with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

ORDER - 10

order. To the extent that defendant's motion, docket no. 237, requests that the Court schedule a "mandatory" status conference, the motion is DENIED without prejudice.

Pro bono counsel for plaintiffs Raines and Stallworth may apply to the Pro Bono Coordinator in the manner specified thereby for reimbursement from the Western District of Washington Civil Rights Litigation Fund to cover reasonable expenses in an amount not exceeding $2,500. If plaintiffs Raines and/or Stallworth settle for or obtain judgment in an amount exceeding $12,000, or are awarded costs as a prevailing party, any such reimbursement from the Western District of Washington Civil Rights Litigation Fund must be partially or fully refunded, as set forth in the Plan of the United States District Court for the Western District of Washington for the Representation of *Pro Se* Litigants in Civil Rights Actions (the "Plan"). The Pro Bono Coordinator shall have authority to make a final determination of whether pro bono counsel's expenses are reimbursable under the Plan, and to arrange for payment to pro bono counsel or any person or entity designated thereby, provided that the aggregate of all such expenses does not exceed $2,500. To the extent pro bono counsel's motion for expedited reimbursement of costs, docket no. 227, seeks additional or different relief, the motion is DENIED.

**Conclusion**

For the foregoing reasons, defendant's motions for summary judgment, docket nos. 212 & 220, are GRANTED in part, and STRICKEN in part without prejudice. The claims of pro se plaintiffs Ronald Pleasant and Mark Della are DISMISSED with prejudice. The Court declines to make the finding required by Federal Rule of Civil Procedure 54(b), and will enter a final judgment after all claims in this matter have been resolved.

ORDER - 11

Defendant's motion for extension of time to file replies, docket no. 236, is STRICKEN as moot, and both motions for continuance, docket nos. 227 and 237, are GRANTED in part and DENIED in part as described in this Order. The trial dates of April 30, 2012, and May 21, 2012, and all related deadlines are STRICKEN, and the parties shall file a discovery plan and joint status report by April 27, 2012.

The Clerk is DIRECTED to treat the response to defendant's motion for summary judgment filed by attorney Vicky J. Currie on behalf of plaintiff Sandra Bosely, docket no. 233, as a notice of appearance and to modify the docket accordingly. Ms. Currie is reminded that counsel may not withdraw from representation without leave of the Court. *See* Local Rule GR 2(g). The Clerk is further DIRECTED to send a copy of this Order to all counsel of record, to all pro se plaintiffs, and to Pro Bono Coordinator Sharon Haas.

IT IS SO ORDERED.

DATED this 23rd day of March, 2012.

Thomas S. Zilly
United States District Judge

ORDER - 12