UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY RAINES; SANDRA BOSLEY; CHALICE STALLWORTH; AUDREY WEAVER; JACQUES JOHNSON; and MARCUS PERKINS,<br><br>            Plaintiffs,<br><br>   v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>            Defendants. | C09-203 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant's motion for summary judgment, docket no. 250. Having reviewed all papers filed in support of, and in opposition to, defendant's motion, the Court enters the following order.

**Discussion**

**A.     Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A fact is material if

ORDER - 1

it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

**B.     Claim under 42 U.S.C. § 1981**

All six remaining plaintiffs allege racial discrimination in the employment context under 42 U.S.C. § 1981. Under § 1981, to prevail on such claim against a municipal employer, a plaintiff must prove that the challenged employment decision resulted from a "policy or custom" of the municipality. *See Fed. of African Am. Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996) (holding that the Civil Rights Act of 1991, which amended § 1981, statutorily overruled *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989), and created an implied right of action against municipalities, but did not alter the "policy or custom" requirement of *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978)). Plaintiffs make no allegation that defendant Seattle School District No. 1 has an "official policy or established custom" of discriminating against employees on the basis of race, that any individual who engaged in discriminatory behavior was "an official with

ORDER - 2

final policy-making authority," or that an official with policy-making authority "ratified" a subordinate's racially discriminatory action.  See <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (describing various legal theories for municipal liability).  Instead, plaintiffs appear to rely on the contention that defendant failed to adequately train its employees to avoid racial discrimination.

To impose liability on a municipal employer for failure to adequately train its employees, a plaintiff must prove that the government's omission amounted to "deliberate indifference" to the right at issue, <u>Clouthier</u>, 591 F.3d at 1249, which is here "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens," 42 U.S.C. § 1981(a).  The "deliberate indifference" standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of . . . rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  <u>Clouthier</u>, 591 F.3d at 1249 (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989)).  A plaintiff must demonstrate that the failure to train "reflects a 'deliberate' or 'conscious' choice by a municipality."  <u>Id.</u> (quoting <u>Harris</u>, 489 U.S. at 389).  To adopt a lesser standard of fault "would result in *de facto respondeat superior* liability on municipalities," which the United States Supreme Court has consistently rejected, and would force the federal courts to engage in "an endless exercise of second-guessing municipal employee-training programs," a task for which federal courts are "ill suited" and which would "implicate serious questions of federalism."  <u>Id.</u> (quoting <u>Harris</u>, 489 U.S. at 392).

ORDER - 3

In this case, plaintiffs have not made the type of showing required to survive summary judgment.  Plaintiffs have proffered no evidence concerning the training programs offered by defendant or how such programs are in any way deficient.  They have presented no information indicating that defendant knew or should have known that more or different training was needed and deliberately or consciously refused to provide such training.  Thus, with respect to plaintiffs' § 1981 claim, the Court concludes that, as a matter of law, plaintiffs have failed to identify any triable issue.

C. **Remaining Claims**

With respect to the remaining claims, namely (i) violation of the Rehabilitation Act of 1973, alleged by plaintiffs Johnson, Perkins, Stallworth, and Weaver; (ii) violation of the Washington Law Against Discrimination, alleged by all six remaining plaintiffs with regard to a combination of one or more of the following grounds:  age, gender, race, disability, and/or retaliation; and (iii) defamation, alleged by plaintiffs Stallworth and Weaver, the Court DEFERS ruling on defendant's motion for summary judgment and SCHEDULES oral argument concerning such claims for **Thursday, January 31, 2013, at 10:00 a.m.**  The parties are DIRECTED to be prepared to discuss at the hearing whether the claims of any remaining plaintiffs should be consolidated for purposes of trial, with trial to proceed forward on March 4, 2013.

**Conclusion**

For the foregoing reasons, defendant's motion for summary judgment, docket no. 250, is GRANTED in part and DEFERRED in part.  Plaintiffs' second cause of action for racial discrimination, brought pursuant to 42 U.S.C. § 1981, is DISMISSED with

ORDER - 4

1  prejudice.  Defendant's motion is otherwise DEFERRED until oral argument, which is

2  SET for January 31, 2013, at 10:00 a.m.

3        IT IS SO ORDERED.

4        Dated this 18th day of January, 2013.

                                        /s/ Thomas S. Zilly

                              THOMAS S. ZILLY
                              United States District Judge