UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY RAINES; SANDRA BOSLEY; CHALICE STALLWORTH; AUDREY WEAVER; JACQUES JOHNSON; and MARCUS PERKINS,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>Defendant. | C09-203 TSZ<br><br>ORDER RE: PLAINTIFF SANDRA BOSLEY |

THIS MATTER comes before the Court on defendant's motion for summary judgment, docket no. 250. This Order relates solely to the portion of defendant's motion seeking summary judgment as to the claims of plaintiff Sandra Bosley.

**Background**

According to the Third Amended Complaint, Bosley is currently employed by defendant Seattle School District No. 1 (the "District"). Third Am. Compl. at ¶ 1.2 (docket no. 132). Bosley alleges that, "[b]eginning in 2002 and continuing to the present," she has "sought over one hundred two distinct employment opportunities in and out of the Seattle Public Schools," but has been unsuccessful as a result of discrimination on the basis of race, gender, or age and/or retaliation. Id. at ¶¶ 5.2-5.8 & 15.2.

ORDER RE: PLAINTIFF SANDRA BOSLEY - 1

In July 2007, Bosley presented a tort claim form to the District, pursuant to RCW 4.96.020, complaining about incidents occurring in the 2001 and 2002 timeframe. *See* Ex. 2 to Jackson Decl. (docket no. 213-2). In particular, Bosley accused Larry Jacobs of lying at a staff meeting in January 2002 about Bosley not wanting to be principal at Dunlap Elementary School during the next school year; at the time, Bosley was serving as acting principal for the school. *Id.*

The tort claim form also indicated that, during a monthly Family Night held at the school at the end of April, while former Superintendent Joseph Olchefske was present, parents used a microphone to raise various concerns, including the process for selecting a new principal. *Id.* Olchefske took control of the microphone and indicated that he would speak with parents in the hall outside the lunchroom, thereby allowing the scheduled student program to continue. *Id.* Bosley subsequently wrote a letter to Olchefske, expressing her realization that she could have handled the situation better by suggesting that parents talk with Olchefske in the hall or make an appointment to see him at another time. *Id.* Bosley believes that from this moment forward, she has been "blacklisted," not only by Seattle Public Schools, but also by other districts. *Id.* In her tort claim form, Bosley alleged that she had applied 16 times for principal positions, but had been "continually denied." *Id.*

In response to defendant's motion for summary judgment, Bosley has not proffered any evidence. Her response brief repeats the assertion that, since 2002, Bosley has applied for numerous positions, but that younger, Caucasian individuals with lesser qualifications have generally been hired for such positions. Response at 2 (docket

ORDER RE: PLAINTIFF SANDRA BOSLEY - 2

no. 260). Bosley, however, has provided no details concerning which positions she sought and when, or even whether such positions were with the Seattle School District. In its reply, the District appropriately indicates that Bosley's response fails to satisfy Federal Rule of Civil Procedure 56(c)(1)(A), requiring citation to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."

**Discussion**

A.      **Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present "affirmative evidence," which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. Id. at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. See Beard v. Banks, 548 U.S. 521, 529 (2006) (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

ORDER RE: PLAINTIFF SANDRA BOSLEY - 3

1  establish the existence of an element essential to that party's case, and on which that
2  party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

3  **B.   Statute of Limitations**

4      In this litigation, Bosley has asserted three claims:  (i) violation of 42 U.S.C.
5  § 1981; (ii) discrimination in violation of the Washington Law Against Discrimination
6  ("WLAD"); and (iii) retaliation in violation of the WLAD.  The first claim was dismissed
7  with prejudice by Order entered on January 18, 2013, docket no. 267.  The second and
8  third claims, pursuant to the WLAD, are subject to a three-year limitations period.
9  RCW 4.16.080(2); *see Antonius v. King County*, 153 Wn.2d 256, 261-62, 103 P.3d 729
10 (2004).  The limitations period is tolled during the sixty-day period of mandatory
11 presentment to a governmental entity.  RCW 4.96.020(4).  Plaintiffs, including Bosley,
12 commenced this action on February 17, 2009.  Thus, the relevant date for assessing
13 whether Bosley's claims are within the limitations period is December 19, 2005.  The
14 only date, however, that Bosley has provided in connection with her claims is 2002,
15 which is three years before the date on which her claims would be considered stale.

16     In responding to defendant's motion for summary judgment, Bosley discusses the
17 standard for a hostile work environment claim, perhaps with the mistaken view that such
18 claim would not be barred by the statute of limitations.  Under the "unitary, indivisible
19 claim" theory outlined in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002),
20 and *Antonius v. King County*, 153 Wn.2d 256, 103 P.3d 729 (2004), which supplanted the
21 previous "continuing violation" doctrine, all acts contributing to the alleged hostile work
22 environment are treated as one unlawful employment practice, and a plaintiff's claim is
23

ORDER RE: PLAINTIFF SANDRA BOSLEY - 4

considered timely filed as long as one of the acts at issue occurred during the limitations period. *Morgan*, 536 U.S. at 117-18; *Antonius*, 153 Wn.2d at 264-66. To constitute one actionable unlawful employment practice, however, the various acts "must have some relationship to each other." *Antonius*, 153 Wn.2d at 271. Moreover, discrete acts, such as termination, failure to promote, denial of transfer, or refusal to hire, cannot qualify as related acts, and therefore, are not cognizable unless they themselves occur within the limitations period. *Id.* at 264.

Here, the conduct about which Bosley complains consists entirely of discrete acts, namely failure to promote or refusal to hire, and such employment decisions cannot be cobbled together to form a hostile work environment claim.[1] In addition, even if the

---

[1] The Third Amended Complaint does not even allege a hostile work environment claim, *see* Third Am. Compl. (docket nos. 132, 132-1, 133), and in raising such claim for the first time in her response to defendant's motion for summary judgment, Bosley has presented no facts to support it. Under the WLAD, to establish a hostile work environment claim, a plaintiff must prove that the alleged harassment (i) was unwelcome, (ii) was because of membership in a protected class, (iii) affected the terms and conditions of employment, and (iv) was imputable to the employer. *Clarke v. Office of the Attorney Gen.*, 133 Wn. App. 767, 785, 138 P.3d 144 (2006). To satisfy the third element, the harassment must be "sufficiently pervasive so as to alter [the plaintiff's] employment conditions" and the conduct must be more than "merely offensive." *Id.* With regard to the fourth element, when the acts contributing to the alleged hostile work environment are committed by a non-supervisory employee, such acts are imputed to the employer only if the plaintiff demonstrates that the employer (i) authorized, knew, or should have known of the harassment, and (ii) failed to take reasonably prompt and adequate corrective action. *Washington v. Boeing Co.*, 105 Wn. App. 1, 11, 19 P.3d 1041 (2000). On the other hand, if a supervisor engaged in the acts contributing to the alleged hostile work environment, and if no "tangible employment action" was taken against the plaintiff, the employer may raise an affirmative defense requiring proof of two elements: (i) the employer exercised reasonable care to prevent and promptly correct the improper behavior; and (ii) the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid harm. *Sangster v. Albertson's, Inc.*, 99 Wn. App. 156, 165, 991 P.2d 674 (2000) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)). In connection with her untimely assertion of a hostile work environment claim, Bosley has not described in the requisite detail any incident of harassment. She has not indicated what was said or done, identified anyone who engaged in the acts contributing to the alleged hostile work environment, or established that she contemporaneously complained about the conduct. Simply put, Bosley has not demonstrated any, let alone "sufficiently pervasive," harassment that could be imputed to the District.

1 otherwise time-barred behaviors (*i.e.*, denying Bosley's numerous applications) did not
2 constitute discrete acts and could be treated as part of a unitary, indivisible claim, Bosley
3 offers no evidence of any related act that occurred within the limitations period, *i.e.*, after
4 December 19, 2005.  The Court therefore HOLDS that Bosley's claims are, as a matter of
5 law, barred by the three-year statute of limitations.  Defendant's motion for summary
6 judgment is GRANTED as to the claims of plaintiff Sandra Bosley, and Bosley's claims
7 are DISMISSED with prejudice.  The Court declines to make the finding required by
8 Federal Rule of Civil Procedure 54(b), and will enter a final judgment after all claims in
9 this matter have been resolved.

10      The Clerk is DIRECTED to send copies of this Order to counsel for the District
11 and counsel for Sandra Bosley.

12      IT IS SO ORDERED.

13      DATED this 7th day of February, 2013.

THOMAS S. ZILLY
United States District Judge