1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEVERLY RAINES; SANDRA BOSLEY; CHALICE STALLWORTH; AUDREY WEAVER; JACQUES JOHNSON; and MARCUS PERKINS,

Plaintiffs,

v.

SEATTLE SCHOOL DISTRICT NO. 1,

Defendant.

C09-203 TSZ

ORDER RE: PLAINTIFF BEVERLY RAINES

14  THIS MATTER comes before the Court on defendant's motion for summary
15 judgment, docket no. 250.  This Order relates solely to the portion of defendant's motion
16 seeking summary judgment as to the claims of plaintiff Beverly Raines.

17 **Background**

18  According to the Third Amended Complaint, Beverly Raines is a black woman
19 over 40 years of age who was employed by defendant Seattle School District No. 1 (the
20 "District") from 1971 until 2010, initially as a teacher and then as a principal.  Third Am.
21 Compl. at ¶ 4.2 (docket no. 132).  Raines asserts claims under the Washington Law
22 Against Discrimination ("WLAD") for discrimination on the basis of race, gender, and
23

ORDER RE: PLAINTIFF BEVERLY RAINES - 1

age and for retaliation. In her declaration,[1] which constitutes the only evidence she has presented in response to defendant's motion for summary judgment, Raines does not discuss any facts that would support her claims of discrimination on the basis of race or gender or retaliation. The Court therefore GRANTS defendant's motion for summary judgment as to Raines's claims of discrimination on the basis of race or gender and retaliation and DISMISSES those claims with prejudice.

The only remaining claim for Raines is discrimination on the basis of age. With regard to that claim, Raines asserts the following facts. She alleges that, between 2007 and 2010, her supervisor, Elementary School Director Patrick Johnson, harassed her, "an aging Principal," into retirement. Raines Decl. at 1 (docket no. 261-2). In the spring of 2008, after Raines expressed optimism for meeting the "No Child Left Behind Adequate Yearly Progress" standards, Johnson allegedly told Raines that even if the school satisfied such standards, she would still be on his list of five principals who needed improvement. _Id._ at 2. Johnson attempted to place Raines on a "Plan of Assistance," but was unsuccessful because such program was not in the applicable union contract. _Id._

---

[1] The District has objected to Raines's declaration as self-serving and unsigned. Reply at 4-5 (docket no. 263). The declaration is deficient, but not for those reasons. The "self-serving" nature of a party's declaration does not render it improper under Federal Rule of Civil Procedure 56; such declaration is acceptable if it is based on personal knowledge, contains facts that would be admissible in evidence, and indicates that the declarant is competent to testify about the matters stated. Fed. R. Civ. P. 56(c)(4). With regard to signature, the declaration ends with "S/ Beverly A. Raines," which would be appropriate if Raines was an attorney or pro se litigant. _See_ W.D. Wash. Electronic Filing Proc. § III(L). For some period of time, Raines was acting pro se in this matter, and she might now be confused about the correct format for her signature. The declaration is therefore treated as properly signed, but it does not contain the requisite statement that it is certified or declared "under penalty of perjury under the laws of the State of Washington." _See_ RCW 9A.72.085. In her declaration, however, Raines indicates that she "swear[s] that the above is true and correct to the best of [her] knowledge." Raines Decl. at 3 (docket no. 261-2). The Court accepts the declaration for purposes of considering the merits of Raines's claims.

ORDER RE: PLAINTIFF BEVERLY RAINES - 2

1   On February 3, 2009, Johnson forced Raines into a Principal Improvement Plan

2  ("PIP"). <u>Id.</u>  In the spring of 2009, Raines received satisfactory marks on her yearly

3  review. <u>Id.</u>  In the fall of 2010, Johnson transferred Raines to a different school, and

4  placed her on another PIP. <u>Id.</u>  Raines asserts that this step was "highly unusual" for "a

5  principal at a new school." <u>Id.</u>  Johnson required that Raines meet with him for two

6  hours each week. <u>Id.</u>  Raines contends that younger, less experienced principals "were

7  not having these challenges with administration." <u>Id.</u>

8   In January 2010, Raines received a positive mid-year oral evaluation, but negative

9  comments were included in the written evaluation she received later in the mail. <u>Id.</u>

10 Shortly thereafter, Raines went on leave, pursuant to the Family Medical Leave Act, to

11 care for her ailing husband. <u>Id.</u>  In May 2010, Raines opted to retire; her retirement was

12 apparently effective in June 2010.[2] <u>Id.</u>; <u>see</u> Third Am. Compl. at ¶ 4.2.

13 **<u>Discussion</u>**

14 A.    **<u>Standard for Summary Judgment</u>**

15   The Court shall grant summary judgment if no genuine issue of material fact exists

16 and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

17 The moving party bears the initial burden of demonstrating the absence of a genuine issue

18 of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  A fact is material if

19 it might affect the outcome of the suit under the governing law.  <u>Anderson v. Liberty</u>

---

[2] Raines indicates that the District sent her "an Agreement to Resign and Waiver and Release of Claims." Raines Decl. at 2.  Whether she signed this document and has thereby relinquished the claims she asserts in this litigation remains unclear.

1  *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the
2  adverse party must present "affirmative evidence," which "is to be believed" and from
3  which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the
4  record, however, taken as a whole, could not lead a rational trier of fact to find for the
5  non-moving party, summary judgment is warranted.  *See* *Beard v. Banks*, 548 U.S. 521,
6  529 (2006) (Rule 56 "mandates the entry of summary judgment, after adequate time for
7  discovery and upon motion, against a party who fails to make a showing sufficient to
8  establish the existence of an element essential to that party's case, and on which that
9  party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

10 **B.**    **Age Discrimination**

11         The WLAD prohibits certain adverse employment actions "because of age,"
12 including refusal to hire, discharge, and discrimination in compensation or other terms or
13 conditions of employment.  RCW 49.60.180.  Raines does not assert refusal to hire or
14 discrimination in compensation.  Thus, to establish an adverse employment action,
15 Raines must show either (i) discharge or (ii) discrimination in other "terms or conditions"
16 of employment.  Because Raines retired, and was not terminated by the District, she must
17 prove that she was "constructively discharged."  To demonstrate "constructive
18 discharge," an employee must show (i) a deliberate act by the employer that made the
19 employee's working conditions so intolerable that a reasonable person in the same
20 situation would have felt compelled to resign, and (ii) the employee resigned solely
21 because of the intolerable working conditions and not for some other reason.  *Short v.*
22 *Battle Ground Sch. Dist.*, 169 Wn. App. 188, 206, 279 P.3d 902 (2012); *Crownover v.*
23

ORDER RE: PLAINTIFF BEVERLY RAINES - 4

*Dep't of Transp.*, 165 Wn. App. 131, 149, 265 P.3d 971 (2011). Whether working conditions meet the "intolerable" threshold is generally a question of fact, unless no competent evidence has been presented to establish a claim of constructive discharge. *Short*, 169 Wn. App. at 207. In evaluating the working conditions at issue, courts generally look for evidence of either "aggravating circumstances" or a "continuous pattern of discriminatory treatment." *Id.* A resignation, however, is presumed to be voluntary, and the employee must introduce evidence to rebut that presumption. *Id.*

Here, Raines has not proffered evidence sufficient to overcome the presumption that her decision to retire was voluntary. To the contrary, in Raines's deposition, when asked whether Johnson's actions, which she perceived as insulting and discriminatory on the basis of age, affected her performance as a principal, Raines replied, "No way." Raines Dep. at 37:14-19, Ex. 1 to Jackson Decl. (docket no. 213-1). Moreover, Raines indicated in her deposition that, prior to her retirement, she talked "all the time" about retiring. *Id.* at 20:1-2. Raines had 38 years of service, and her colleagues knew she was eligible for retirement, but some of them spoke with her about the subject to attempt to persuade her to remain on the job. *Id.* at 21:7-17. Thus, according to Raines's own testimony, Johnson's behavior did not render the working conditions intolerable, and Raines had another reason for resigning, namely to take advantage of retirement benefits to which she was entitled. In light of this record, the Court HOLDS, as a matter of law, Raines has failed to demonstrate that she was constructively discharged.

As to the only other potentially relevant adverse employment action, namely discrimination in the "terms or conditions" of employment, Raines likewise fails to

present sufficient evidence to survive summary judgment. To be actionable, a change in employment terms or conditions must entail "more than an 'inconvenience or alteration of job responsibilities.'" Tyner v. Wash., 137 Wn. App. 545, 564-65, 154 P.3d 920 (2007). An adverse employment action must have some "tangible impact" on workload or pay. See Kirby v. City of Tacoma, 124 Wn. App. 454, 465, 98 P.3d 827 (2004). Raines has provided no evidence that any of Johnson's actions, namely placing her on a list of principals needing improvement, attempting to place her on a Plan of Assistance, forcing her into a PIP, transferring her to another school, or requiring her to meet more frequently as part of another PIP, affected her salary or altered her responsibilities as principal. Thus, she cannot base a claim of age discrimination under the WLAD on such conduct, which does not rise to the level of an adverse employment action.

Even if, however, Johnson's behavior was actionable, Raines has not presented enough factual material to ward off summary judgment. In particular, she offers no evidence concerning whether other principals on Johnson's "needs improvement list" were over or under 40, whether principals under 40 were also placed into PIPs, or whether principals under 40 were also transferred from one school to another. See McKee v. Lehman, 2007 WL 512542 at *2 (Wash. Ct. App. Feb. 20, 2007) (to make out a prima facie case of age discrimination, a plaintiff must show that "she was (1) within the statutorily protected age group (40 to 70); (2) was performing satisfactorily; and (3) was treated differently in the terms or conditions of her employment (4) than a significantly younger, similarly situated person" (citing Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 181, 23 P.3d 440 (2001) (adopting the protocol from McDonnell Douglas Corp. v. Green,

ORDER RE: PLAINTIFF BEVERLY RAINES - 6

411 U.S. 792 (1973))).  Having provided no statistical evidence concerning how other principals over or under 40 were treated, and having failed to identify any specific comparators, Raines presents no genuine issue for trial as to whether Johnson's treatment of her constituted age discrimination.[3]

**Conclusion**

For the foregoing reasons, defendant's motion for summary judgment, docket no. 250, is GRANTED as to the claims of plaintiff Beverly Raines, and Raines's claims are DISMISSED with prejudice.  The Court declines to make the finding required by Federal Rule of Civil Procedure 54(b), and will enter a final judgment after all claims in this matter have been resolved.  The Clerk is DIRECTED to send copies of this Order to counsel for the District and counsel for Beverly Raines.

IT IS SO ORDERED.

DATED this 7th day of February, 2013.

THOMAS S. ZILLY
United States District Judge

---

[3] Having ruled on the merits of Raines's claims, the Court need not address the District's contention that Raines's state law causes of action are procedurally barred for failure to present a tort claim form to the District, pursuant to RCW 4.96.020, prior to filing suit.

ORDER RE: PLAINTIFF BEVERLY RAINES - 7